UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JAMES J. VILT, JR. - CLERK
AUG 19 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 3:26-CR-100-DJH
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1) & (b)(1)
18 U.S.C. § 1349
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

**DONNIE RUSSELL** a/k/a DON CUNNINGHAM (1-5)
**LISA CUNNINGHAM** (1, 4, 5)
**JERRY WAGERS** (1)
**STEVEN JAMESRAY CATES** (1, 4, 5)
**CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY (5)

The Grand Jury charges:

COUNT 1
(*Conspiracy to Commit Wire Fraud*)

1. Beginning on a date unknown to the Grand Jury, but from at least in or about April 2024, and continuing through at least in or about June 2026, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, **JERRY WAGERS**, and **STEVEN JAMESRAY CATES**, and others known and unknown to the Grand Jury, did unlawfully and willfully combine, conspire, confederate, and agree together and with each other, to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

**OBJECT OF THE CONSPIRACY**

2. It was the object of the conspiracy that the defendants, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, **JERRY WAGERS**, and **STEVEN JAMESRAY CATES**, together with others both known and unknown to the Grand Jury ("unindicted co-conspirators"), fraudulently obtained control and nominal ownership of multiple residential properties located in Louisville, Kentucky, through forged documents, including deeds and other falsified legal documents. By

creating and filing fraudulent property records, the defendants, aided and abetted by unindicted co-conspirators, created the appearance that they lawfully obtained parcels of stolen real property from the true property owners, often through backdated deeds to make it appear that deceased property owners sold their homes prior to their deaths.

**MANNER AND MEANS**

3. The manner and means used to accomplish the objectives of the conspiracy included, among other things, the following:

4. At all relevant times, **DONNIE RUSSELL** and **LISA CUNNINGHAM** were long term live-in domestic partners. **JERRY WAGERS** and **STEVEN JAMESRAY CATES** were associates of **DONNIE RUSSELL.**

5. From April 2024 through June 2026, the defendants **DONNIE RUSSELL, LISA CUNNINGHAM, JERRY WAGERS**, and **STEVEN JAMESRAY CATES**, with unindicted co-conspirators, collectively took control and/or nominal ownership of multiple houses in Louisville, Kentucky through a "deed theft" scheme. While the manner and means of the deed theft scheme varied between the properties, in each instance the defendants created false records of at least one property transfer to create the illusion of a lawful ownership of real property they did not own. Often, the defendants illegally took over properties whose owners had died intestate and/or properties that were not probated when the true owner died.

6. Throughout the course of the conspiracy, **DONNIE RUSSELL** typically used a computer to create fraudulent property records with false information and utilizing signatures lifted from legitimate property records. The fraudulent property records were then recorded at the Jefferson County Clerk's Office, which required payment of filing fees and caused interstate wire communications originating in the Western District of Kentucky, Jefferson County, Kentucky. During the scheme, the co-conspirators also engaged in electronic communications through cell

phones and internet connected computers, causing additional interstate wire communications. The deed theft scheme included, but was not necessarily limited to, the manner and means further described below.

354 N 27th St. Louisville, Kentucky

7. Victim 1 was the true owner of the property located at 354 N 27th St. Louisville, Kentucky upon her death in April 2020. After Victim 1's death, **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about April 24, 2024, appearing to show that Victim 1 sold her home to "James Lee Huff" in February 2020 prior to her death. In actuality, "James Lee Huff" is a fictious identity created by **DONNIE RUSSELL.** A second fraudulent deed, created by **DONNIE RUSSELL** and recorded at the Jefferson County Clerk's Office on or about June 7, 2024, appears to show the sale of the property located at 354 N 27th St. from "James Lee Huff" to **LISA CUNNINGHAM**. **DONNIE RUSSELL** and **LISA CUNNINGHAM** have continued to hold themselves out as the owners of the property.

2301 Lytle St. Louisville, Kentucky

8. Victim 2 was the true owner of the property located at 2301 Lytle St. Louisville, Kentucky upon her death in July 2000. After Victim 2's death, **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about September 12, 2024, appearing to show that Victim 2 sold her home to **LISA CUNNINGHAM** in May 2019, which would be impossible given Victim 2 died many years before the purported sale of the property. **DONNIE RUSSELL** and **LISA CUNNINGHAM** held themselves out as the owners of the property located at 2301 Lytle St. Louisville, Kentucky before transferring nominal ownership again in a deed recorded in February 2025.

3503 Ripple Creek Dr. Louisville, Kentucky

9. Victim 3 was the true owner of the property located at 3503 Ripple Creek Dr. Louisville, Kentucky, which was vacated sometime prior to October 2024. **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about October 7, 2024, appearing to show that Victim 3 sold her home to **JERRY WAGERS** in July 2024. On or about October 24, 2024, **DONNIE RUSSELL** and **JERRY WAGERS** sold the property to a third-party buyer and made a transfer from **JERRY WAGERS** to the buyer via quitclaim deed. Prior to the sale, **DONNIE RUSSELL** negotiated terms with the buyer over text message and both **DONNIE RUSSELL** and **JERRY WAGERS** met the buyer in person at the Jefferson County Clerk's Office to execute and record the deed showing the transfer from **JERRY WAGERS** to the buyer.

3705 Ripple Creek Dr. Louisville, Kentucky

10. Victim 4 was the true owner of the property located at 3705 Ripple Creek Dr. Louisville, Kentucky upon her death in March 2016, and ownership was subsequently transferred to Victim 4's children through an Affidavit of Descent. **DONNIE RUSSELL** and **STEVEN JAMESRAY CATES** conspired to create a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about October 8, 2024, appearing to show that Victim 4's children sold the property located at 3705 Ripple Creek Dr. to "Jerry T. Bell" in October 2024. In actuality, "Jerry T. Bell" is a fictious identity. A second fraudulent deed, created by **DONNIE RUSSELL** and **STEVEN JAMESRAY CATES** and recorded at the Jefferson County Clerk's Office on or about January 24, 2025, appears to show the sale of the property located at 3705 Ripple Creek Dr. from "Jerry T. Bell" to **STEVEN JAMESRAY CATES**.

4300 Clarene Dr. Louisville, Kentucky

11. Victim 5 was the true owner of the property located at 4300 Clarene Dr. Louisville, Kentucky upon his death in May 2019. After Victim 5's death, **DONNIE RUSSELL** created a

fraudulent deed, recorded at the Jefferson County Clerk's Office on or about November 22, 2024, appearing to show that Victim 5 sold his home to "James Lee Huff" in September 2018 prior to his death. In actuality, "James Lee Huff" is a fictious identity created by **DONNIE RUSSELL**. A second fraudulent deed, created by **DONNIE RUSSELL** and recorded at the Jefferson County Clerk's Office on or about March 20, 2025, appears to show the sale of the property located at 4300 Clarene Dr. Louisville, Kentucky from "James Lee Huff" to **LISA CUNNINGHAM** in February 2025. **DONNIE RUSSELL** and **LISA CUNNINGHAM** have continued to hold themselves out as the owners of the property.

5409 Mount Washington Rd. Louisville, Kentucky

12. Victim 6 was the true owner of the property located at 5409 Mount Washington Rd. Louisville, Kentucky upon his death in April 2021. After Victim 6's death, **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about December 9, 2024, appearing to show that Victim 6 sold his home to "J.T.W." in December 2020 prior to his death. A second fraudulent deed, created by **DONNIE RUSSELL** and **STEVEN JAMESRAY CATES**, lodged by **LISA CUNNINGHAM** and recorded at the Jefferson County Clerk's Office on or about March 25, 2025, appears to show the sale of the property located at 5409 Mount Washington Rd. Louisville, Kentucky from "J.T.W." to "D.E.C." in February 2025.

432 N 43rd St. Louisville, Kentucky

13. Victim 7 was the true owner of the property located at 432 N 43rd St. Louisville, Kentucky upon her death in September 2019. After Victim 7's death, **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about January 24, 2025, appearing to show that Victim 7 sold her home to **LISA CUNNINGHAM** in May 2019 prior to her death. **DONNIE RUSSELL** and **LISA CUNNINGHAM** held themselves out as the owners of the property

2536 Garland Ave. Louisville, Kentucky

14. Victim 8 was the true owner of the property located at 2536 Garland Ave. Louisville, Kentucky upon her death in June 2022. After Victim 8's death, **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about May 20, 2025, appearing to show that Victim 8 sold her home to "L&R Home Improvement" in March 2022 prior to her death. **DONNIE RUSSELL** later held himself out as having the ability to sell the property located at 2536 Garland Ave. Louisville, Kentucky.

1042 S 26th St. Louisville, Kentucky

15. Victim 9 was the true owner of the property located at 1042 S 26th St. Louisville, Kentucky. **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about June 30, 2025, appearing to show that Victim 9 sold her home to "R.C." in June 2025. "R.C." believed **DONNIE RUSSELL** to be the true owner of 1042 S 26th St. Louisville, Kentucky with authority to sell the property.

4327 River Park Dr. Louisville, Kentucky

16. Victim 10 was the true owner of the property located at 4327 River Park Dr. Louisville, Kentucky upon her death in March 2017. After Victim 10's death, **DONNIE RUSSELL** and **LISA CUNNINGHAM** created a fraudulent Affidavit of Descent recorded at the Jefferson County Clerk's Office on or about June 20, 2025, transferring the property to "D.L." a fictitious person purported to be the child of Victim 10. Later, **DONNIE RUSSELL** and **LISA CUNNINGHAM** created fraudulent Power of Attorney documents, filed at the Jefferson County Clerk's Office on or about July 10, 2025, and granting **LISA CUNNINGHAM** and **DONNIE RUSSELL**, using the alias "Don Cunningham," control over "D.L.'s" property. **DONNIE RUSSELL** created a fraudulent deed, recorded at the Jefferson County Clerk's Office on or about July 20, 2025,

appearing to show that "D.L." sold the property located at 4327 River Park Dr. to a third party buyer through **LISA CUNNINGHAM**, acting as his Power of Attorney.

17. The above-described transactions were part of a deed theft scheme that involved interstate wires caused by electronic payments, including through the payment of filing fees at the Jefferson County Clerk's Office, as well as communication via cell phone and internet connected computers, between co-conspirators and with third parties, causing numerous interstate wire communications.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

<u>Count 2</u>
*(Aggravated Identity Theft)*

18. On or about September 12, 2024, in the Western District of Kentucky, the defendant, **DONNIE RUSSELL**, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: **DONNIE RUSSELL** used the signature of Victim 2 in a fraudulent deed as part of the wire fraud conspiracy alleged in Count 1 in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

The Grand Jury further charges:

<u>Count 3</u>
*(Aggravated Identity Theft)*

19. On or about November 22, 2024, in the Western District of Kentucky, the defendant, **DONNIE RUSSELL**, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c),

to wit: **DONNIE RUSSELL** used the signature of Victim 5 in a fraudulent deed as part of the wire fraud conspiracy alleged in Count 1 in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

The Grand Jury further charges:

COUNT 4
*(Money Laundering Conspiracy)*

20. Beginning on a date unknown to the Grand Jury, but from at least in or about April 2024, and continuing through June 2026, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, and **STEVEN JAMESRAY CATES**, together with unindicted co-conspirators, known and unknown to the Grand Jury, did knowingly conspire to commit an offense against the United States, in that: the defendants, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions, affecting interstate commerce, which in fact involved the proceeds of wire fraud and conspiracy to commit wire fraud (in violation of 18 U.S.C. §§ 1343 and 1349), a specified unlawful activity, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

**MANNER AND MEANS**

21. Paragraphs 1 through 17 are incorporated and realleged as if fully set forth herein.

22. The defendants, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, and **STEVEN JAMESRAY CATES**, together with unindicted co-conspirators known and unknown to the Grand Jury, conspired together to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of wire fraud by conducting multiple fictitious property

transfers for certain properties—and using fictitious identities to do so—in order to further distance themselves from the underlying deed theft after fraudulently taking actual control of houses. The following transactions are not exhaustive of those made in furtherance of the conspiracy charged, but are illustrative of the manner and means by which the defendants undertook this conspiracy to launder fraud proceeds.

23. It was part of the conspiracy that **DONNIE RUSSELL** and **LISA CUNNINGHAM** fraudulently took control of the property located at 354 N 27th St. Louisville, Kentucky and first deeded the property to the fictitious identity of "James Lee Huff" before deeding it to **LISA CUNNINGHAM**. By creating the appearance of an intermediate owner, the coconspirators effectively disguised the actual nature, ownership, and control of property obtained through wire fraud.

24. It was part of the conspiracy that **DONNIE RUSSELL** and **STEVEN JAMESRAY CATES** fraudulently took control of the property located at 3705 Ripple Creek Dr. Louisville, Kentucky and first deeded the property to the fictitious identity of "Jerry T. Bell" before deeding it to **STEVEN JAMESRAY CATES**. By creating the appearance of an intermediate owner, the coconspirators effectively disguised the actual nature, ownership, and control of property obtained through wire fraud.

25. By passing stolen properties through fictitious identities, like those described above, and through the names of others who were unaware of their nominal ownership, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, and **STEVEN JAMESRAY CATES**, conspired together to disguise the nature ownership and control of stolen residential real property obtained through wire fraud.

In violation of Title 18 United States Code, Section 1956(h).

COUNT 5
*(Conspiracy to Commit Mail Fraud)*

26. Beginning on a date unknown to the Grand Jury, but from at least in or about January 2024, and continuing through July 2025, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **DONNIE RUSSELL, LISA CUNNINGHAM, STEVEN JAMESRAY CATES** and **CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY, and others known and unknown to the Grand Jury, did unlawfully and willfully combine, conspire, confederate, and agree together and with each other, to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

**OBJECT OF THE CONSPIRACY**

27. It was the object of the conspiracy that the defendants, **DONNIE RUSSELL, LISA CUNNINGHAM, STEVEN JAMESRAY CATES** and **CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY, together with others both known and unknown to the Grand Jury ("unindicted co-conspirators"), fraudulently obtained vehicle titles from the Indiana Bureau of Motor Vehicles (BMV) to create the appearance of clean title on vehicles obtained through various means, allowing the coconspirators and others to maintain possession and/or sell vehicles they did not legally own by title.

**MANNER AND MEANS**

28. The manner and means used to accomplish the objectives of the conspiracy included, among other things, the following:

29. At all relevant times, **DONNIE RUSSELL** and **LISA CUNNINGHAM** were long term live-in domestic partners. **CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY is **LISA CUNNINGHAM**'s son. **STEVEN JAMESRAY CATES** was an associate of **DONNIE RUSSELL**.

30. At all relevant times, **DONNIE RUSSELL** was engaged in vehicle title theft for his own purposes and for hire by others looking to obtain the appearance of clear title on vehicles in their possession and obtained by various means. One method used by **DONNIE RUSSELL** to create the appearance of clear title was to falsify bills of sale showing that vehicles were purchased at auction from the New Albany Police Department, when in fact those vehicles were obtained by various other means. **DONNIE RUSSELL** manipulated the appearance of the fraudulent bills of sale and other title application documents and printed the fraudulent documents at home from his computer in Louisville, Kentucky.

31. It was part of the conspiracy that **DONNIE RUSSELL** instructed **LISA CUNNINGHAM**, **CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY, and others to sign the fraudulent paperwork and take it to BMV locations in Indiana to submit applications for new vehicle titles. Once approved, the fraudulently obtained titles would be mailed to applicants. Frequently, the fraudulently obtained titles were mailed to **DONNIE RUSSELL**'s associates in Louisville, Kentucky so vehicles could be sold for a profit.

32. It was part of the conspiracy that **STEVEN JAMESRAY CATES** received fraudulently obtained Indiana titled for vehicles he obtained in various ways and resold the vehicles from his used car lot in Mount Washington, Kentucky.

In violation of Title 18, United States Code, Section 1349.

NOTICE OF FORFEITURE

As a result of violating Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendants, **DONNIE RUSSELL, LISA CUNNINGHAM, JERRY WAGERS, STEVEN JAMESRAY CATES** and, **CLAUDE OSCAR CUNNINGHAM III**, a/k/a SONNY, if convicted, shall forfeit to the United States any property, real or personal, which constitutes or

is derived, directly and indirectly, from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

As a result of violating Title 18, United States Code, Section 1956(h), as alleged in the Indictment, the defendants, **DONNIE RUSSELL**, **LISA CUNNINGHAM**, and **STEVEN JAMESRAY CATES**, if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

Property subject to forfeiture includes, but is not necessarily limited to:

1. Real property located at 354 N 27th St. Louisville, Kentucky 40212;
2. Real property located at 2301 Lytle St. Louisville, Kentucky 40212;
3. Real property located at 3219 W Kentucky St. Louisville, Kentucky 40211;
4. Real property located at 3503 Ripple Creek Dr. Louisville, Kentucky 40229;
5. Real property located at 3705 Ripple Creek Dr. Louisville, Kentucky 40229;
6. Real property located at 4300 Clarene Dr. Louisville, Kentucky 40216;
7. Real property located at 5409 Mt Washington Rd. Louisville, Kentucky 40229;
8. Real property located at 432 N 43rd St. Louisville, Kentucky 40212;
9. Real property located at 2536 Garland Ave. Louisville, Kentucky 40211;
10. Real property located at 1042 S 26th St. Louisville, Kentucky 40210;
11. Real property located at 4327 River Park Dr. Louisville, Kentucky 40210;
12. Real property located at 1543 S 35th St. Louisville, Kentucky 40211; and
13. Real property located at 2106 Garland Ave. Louisville, Kentucky 40211.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

[redacted]

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KGB:CEK:08/19/2026

UNITED STATES OF AMERICA v. **DONNIE RUSSELL, LISA CUNNINGHAM, JERRY WAGERS, STEVEN JAMESRAY CATES** and, **CLAUDE OSCAR CUNNINGHAM III**

## PENALTIES

| | |
|---|---|
| Count 1: | NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Counts 2-3: | 2 years mandatory consecutive (each): |
| Count 4: | NM 20 yrs./ $500,000 or twice the value involved/both/NM 3 yrs. Supervised Release |
| Count 5: | NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| FORFEITURE | |

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.